Good morning, your honors. May it please the court. My name is Kevin Ellicott. I'm here on behalf of Mr. Fenyang Stewart, who's in the courtroom with us today, the plaintiff appellant in this employment discrimination case. We asked this court to reverse the district court for three reasons. First, the holding below conflicts with Title VII, which vests a federal employee's right to sue for employment discrimination 180 days after he first files his initial charge of discrimination with the agency and the agency has not yet taken final action. Tell me, what is the practical effect of you losing? Do you get to still go back? Or is that the end of your case if you lose? Your honor, I think if this were to go back, there may be, there's a limitations period that didn't apply in this case that also comes from the statute of appraisal. So it's not being told? It would be, I think it would be subject to equitable tolling and certainly if you were to re-file it. For the appeal, can't you just go back and wait? I think under the district court's ruling, Mr. Stewart would have to go back and file a new lawsuit. Okay. And so, but he shouldn't have to do that here because the statute doesn't require it and the regulations on which the district court relied to dismiss Mr. Stewart's complaint don't alter his right to sue under Title VII, nor can they. And they don't tether his right to sue. You said he has to go back and file a whole new lawsuit because it's a whole different claim? No, your honor. The district court dismissed Mr. Stewart's complaint because it held that he had filed his lawsuit too soon. So he goes back and wait until it's 180 and then he can re-file it, right? Yes. Under the district court's reasoning. He's not re-filing the whole, you mean re-filing something in terms of district court? Yeah, he would have to file it as a new action. As a part of what practical effect is, you simply have to wait. Under the district court's yes. Well, under the district court's ruling, yes, but that's not actually what the statute requires. I got that. I'm just trying to say if it is interpreted that way, you still will get your day in court. You just have to wait. I think that's right, but I'd like to convince you why he shouldn't have to wait. I've got to. It's rare you get an instance where you really, if you lose, even if you lose, it's just delays. It doesn't mean you lose. Well, I think that's right, although it's not just a delay. He would also be out a second filing fee. There was a filing fee paid in this case for $400 in the district court, and he doesn't get that back if his case is dismissed. He has to go back and file a new action. He's not amending the prior complaint. He has to file a new action. It can't be about $400. I'm sorry? It cannot be about $400 since you're standing in front of me. I know that. Well, that's true in this particular case. That may well be true. However, the rule that would be applied here would be a rule that would have to be applied regardless of an IFP status in the district court. This line is not doing that. I mean, I'm just trying to get the practical effect where we are. We've got a 180-day rule. We've got an amendment, and the amendment, the interpretation is, now you've got to do another 180 days, which means you just go do another 180 days. If you want to go forward, just don't file the amendment. Yes, I think you're right about the practical effect of this, Judge Wendt. Yes. But the purpose of this 180 days is to give them an opportunity to look at it. And if you file an amendment that let's say has a, I guess, material change or something there that has not fairly been addressed, shouldn't they get time to look at it? Well, I think that that gets to a couple of things. And first, I think to take a, to back up, and I want to make sure to answer your question, Judge Wendt. To back up the purpose behind this scheme that we have, there's a balance in the federal context between the administrative review process that is subsumed within the statutory 180-day period. As a matter of regulation, the EEOC has said agencies can investigate beyond that 180-day period that Congress put in the statute. But you have this overlay between a regulatory review process and then what Congress said the employee had a right to sue under. And I think that that bears emphasis here. When Congress extended Title VII's protections to the federal employment context in 1972, it did so specifically to create a judicial remedy. Before that extension in 72, the Civil Rights Act of 1964 didn't apply to federal employees. And all federal employees had was an administrative review process. I'm focusing on the purpose of the 180 days. An amendment in this instance, as I understand it, is one that is life or related to the claim. This is not a wholly new amendment, wholly new claim. And so from your position, you can wait until day 179 and file something, amendments that are life or related. And so, okay, tomorrow I'm going to file and sort on this. And there's no investigation, there's nothing on it. I think, so, yes. Is that correct? Yes. Is that correct under your, that is correct. Yes, it is. But I don't think that... 179 days? You don't want it investigated, why don't you just file it on 179 days? Well, Judge Wynn, I think that... And I don't want to keep on, but I want to make sure I get it all. And that is, in addition to that, why put all that you have in the initial claim, why not just save some of the stuff to 179 days and then file it and then the next day go on district court because they won't get to investigate it? Judge Wynn, I appreciate the question because it gets right to the heart of what the PTO argued was should animate the district court's ruling and what the district court said there was some concern about, which is the suggestion of gamesmanship in the administrative review process. So I have two responses. One is the gamesmanship concern, I think, is significantly overblown because, as you said correctly, claims that are amended in the administrative review process have to be like or related to the original claim. That same nomenclature, like or related, is the same standard that a district court applies to determine whether claims that were not explicitly raised in the administrative review process. Because if you come up with something totally different, you do have to start all over. That's a separate claim, right? Yes. If it's not like or related to the original complaint in the administrative process, it can't come in as an amendment during the administrative process. But it's important, it's not a controversial proposition of law here under the, we cited Hill and Neelan in the briefs, but there's numerous cases in the Fourth Circuit that say that when a district court is determining whether claims were raised in the administrative process, it looks at the administrative complaint that the employee filed and then also decides whether there's any allegations in the lawsuit that are like or related to those administrative claims. So in other words, there's not actually, in terms of for exhaustion purposes, there's not an advantage that an employee can leverage until waiting until the 179th day. There may be various reasons why an employee adds administrative claims throughout the process. It could be that the employee wants to give the agency an opportunity to look into it, wants to notify them, or it could be that the employee who's operating without a lawyer, as the system is designed to operate, doesn't actually understand that they don't have to file those claims that are like or related in the administrative process in order to ensure they can raise them in a federal lawsuit. And they think they have to, but they don't. That's not what the rule requires. And then in terms of the mechanics of this gamesmanship concern, it's not like going and filing an administrative, filing a complaint in a federal court where you just show up in the clerk's office and say, here's my amendment. Stamp it filed, please. The EEOC has explained in Management Directive 110, which is a user's manual for federal agencies, how they're supposed to operate in this process, explains that what the employee has to do if they want to review process is they write a letter to the agency's EEO director and say, these are the claims I'd like to add. That EEO director has to review them and determine whether they are, in fact, like or related to the original complaint. If they are, then those come in as amendments. If they're not, then they have to instruct that employee, you have to go and start this process over at the beginning and go through informal counseling and it will proceed on its own investigation. So I think the hypothetical of waiting to day 179, it doesn't actually happen in practical effect because you have to go through this sort of screening process with the EEO officer. But in terms of practical effect, there's not a reason to do that. You don't have to Right. The argument would seem to be the other way. I mean, if there's gamesmanship, you want to go to the EEOC, make your case the best case you can there, then you go to the district court. What's the district court's role there? What's the standard of review? What do they do with the EEOC decision? I think what they, so that if there is a decision from the EEOC, the district court does not give any deference to what they do. That's what I'm trying to get you to say. Right. No, but I think you're exactly right. So you're getting another shot. You know, I've never met anybody that doesn't want to have several people looking at something in case the first one makes an error. But clarify for me, this is the 180 days, this is not before the EEOC, is it? There, I'm sorry, which 180 days are we talking about? The 180 days we're talking about here. Yes. Who is that before? That is before the agency that employs the plaintiff in this case. The federal agency is the employer. And it leaves there, they then issue a decision, and then within 90 days you've got to file something. Yes. But, and I was wrong in saying, but isn't it usually the EEOC group within the agency that deals with this? Yes. And so I was, Judge Winn is quite correct, it wasn't the EEOC. Yes, absolutely. It's actually even called the EEO office, and I think here it's the OEOP within the PTO is the particular division, but using the same sort of acronym there. So I think for that reason the gamesmanship concerns are overblown, but again, I think it bears emphasis because the statute is something that controls in this context. Congress wanted to make sure that a federal employee had an avenue to get to court, and the statute language says that that employee has the right to file a civil action if the employing agency has not returned a final decision and it has been 180 days since the initial charge filed with the agency. The filing of the initial charge is what starts the 180-day waiting period. Now, my friend on the other side in the brief has suggested that there's some kind of because the statute does not talk about the amendment during the administrative process. I think actually this particular statutory provision at 2000E-16C speaks only in terms of the civil right of action. It doesn't tether a federal employee's right to sue to the status of the agency's investigation, except if the agency hasn't taken a final action. And the word initial is by far the most important word in the statute for our purposes in this appeal. The use of the word initial shows that Congress was saying this 180-day waiting period, which we want to institute to give an administrative review process, but we want to make sure there's a finite period of time because federal employees need to be able to get to federal court under the 72 extension of Title VII. Initial shows that we're starting at the beginning of the process. Well, then the next argument from the PTO is, well, the statute also says complaint, and it says charge. We're not really sure which one is supposed to apply because complaint is used throughout the regulations and charge could mean something else. As an initial matter to that, I would respond, I don't think that we have to grapple with what the difference is between complaint and charge here if there is a difference. As a side note to that, I would say courts have seemed to freely use complaint and charge back and forth. And even the fact that the EEOC's regulations speak in terms of complaint  and charge and a complaint can be the same thing. But the 180-day waiting period only applies, only starts, excuse me, with the filing of the initial charge. At page 26 of the PTO's brief, they suggest that the initial charge that's referred to in the statute is the first statement through which the employee identifies the discrimination. We agree. If that's true, we think the case is over. It should be reversed and sent back because there's no dispute the first written statement that Mr. Stewart filed with the PTO, as he was required to under the statute, was on July 14, 2015. He filed his lawsuit 230 days later, well after his right to sue had vested under the statute. Now the D.C. Circuit has grappled with this 180-day provision, albeit not in this particular factual context that we have here, but has described the 180-day period as a congressional determination that providing prompt access to the courts in discrimination disputes is so important that the administrative process will be given only a finite time to deal alone with a given dispute. Now to be sure, Mr. Stewart did not have to file his lawsuit after 180 days, but he had that right. He's the one who sort of created the problem, though, as you said. He could have easily just gone on after 180 days to do it. He filed an amendment. And I guess from your position, anything filed after the initial charge is not so material that it needs any investigation. As I said, we agree. You told me you could file how many of these? I guess 10 of them or 12 on day 179. And you were good because the next day that agency won't get to investigate anything. It goes straight on in to your ability to file. Well, I think some clarification on that. As I tried to explain before Judge Winn, the motivation for doing it on day 179 doesn't hold up when you look and see what kinds of claims you can add as amendments, only LICA-related claims, and the fact that you don't even have to raise LICA-related claims during the administrative process to be able to sue. So you can still do it with or without this? With or without those claims, yes, exactly, Judge Monti. With or without that amendment on day 179, those claims can come in to the district court. And so there's not a reason to do that. Now, I think that what we're talking about, there is a difficult scenario, and I'll grant that it's a difficult scenario for the employing agency because after the 180th day, that employee now has a right to sue that Congress gave under the statute. But the agency under the EEOC's regulations has been granted an extension under the 180 to 360, depending on the earlier of the two dates under the investigation. That's the absolute time period? It doesn't matter how many you file, right? That's right, although I think there's potential for additional extensions where you can get the consent of the employee to go beyond that. But 360 is kind of, you could file one on 359. That's exactly right. And you're still good on 360. That's exactly right. That's exactly right. But again, and I think one of the important things for us to point out, and I know the Court's aware of it, even the PTO told Mr. Stewart throughout this process, he could file his lawsuit 180 days after the original complaint. Each time he sought to amend, he was given a letter that explained, these are the claims we'll accept as LICA-related, and these are ones that we're not going to accept for an investigation. At the end of those letters, they said to him, here are your rights under the statute you can continue to amend. If you amend, our investigation period can be extended to a maximum of 360 days. If you have not yet received a final decision, you may file a civil action in an appropriate district court at any time after 180 days have passed since you filed your original complaint. That's at JA-59-M-114. Before you sit down, can I go back to a question I think maybe Judge Wing started you with? So the 360 days has passed now. Yes. So is your case moot? I mean, I'm not sure what that does. So under anybody's rule, you can go to district court now, right? I think that's right. And even actually while the motion to dismiss was pending in the district court. The 360 days expired? Yes, the 360 days did expire. And another regulation came into effect when the PTO was made aware that Mr. Stewart had filed his lawsuit and they noted that he had filed his lawsuit more than 180 days after the start of the process. Under the regulations, as required, they dismissed the investigation. So there are numerous ways that you can say, looking at it right now, in the moment we're standing in, he could file his lawsuit anew now. But so do we have a real controversy around this then? I'm just not sure how this – We do. We do. So he suffered an injury because his case, he had a legal right of action and the district court dismissed his lawsuit when it shouldn't have, and he did pay the $400 filing fee to start this case. So he would have to suffer that loss and go back and refile it again. But, I mean, he suffered a legal wrong here by the district court saying, your right to sue hasn't vested yet when, in fact, it has. Okay. Thank you. Thank you. Thank you. Barbara. Sir, do you have to consult with the solicitor general or anybody else about arguments that you make? I think the answer to that depends, Your Honor. Well, here you're asserting an argument that is contrary to the statute and is contrary to your own regulations. You don't ask us to defer any kind of deference because, of course, we couldn't give deference because it would go the other way. And I'm just wondering, I mean, I understand you. I represented state agencies along the way. Did you want to win? I understand that. But I just don't – it just seems to be contrary to both the Congressional, what Congress has said, and what your own agency has said in formal regulations. Well, number one, the formal regulations are not an agency that I'm representing here, Your Honor. I'm representing that group of us. Well, but you're not free to disavow them. No, I agree with that, Your Honor, and I would take some exception with respect to the fact that I want to win. Okay. I was just trying to be even-handed. So you're doing it not because you want to win but because you provide the answer. This is a position that has been accepted by the district judges before. It's been summarily, albeit, affirmed by this court. And it is something that the agency, as a programmatic matter, considers important with respect to its ability to investigate claims before they come to federal court. Well, so how do you deal with the statutory language, which says that he can file after 180 days from the filing of the initial charge? Because, as we say in our briefs, Your Honor, I mean no disrespect. I apologize if what I'm suggesting comes across that way. No, no, no. I'm looking for help here. And I will confess easily and mightily that this is a complex situation and a difficult one. But we believe that the statute is, at the very least, ambiguous because it uses two different terms. It uses the term complaint and then it uses the term charge. And I think that those two terms, if we apply the canon of construction that says that two different terms, if Congress uses two different terms, it means two different things, that there is two different potential interpretations for those two words. One, if you look at the word complaint, it refers back to subsection A of 2000E16C. I'm sorry, 2000E16. And that talks about a personnel action. The term charge could be interpreted differently by simply the first statement by a plaintiff in an elongated administrative process where they identify that discrimination. Well, I'm looking at 42 U.S.C. 2000E-16C. And that statute is ambiguous? I think because it uses the two different terms, Your Honor, yes. If Your Honor disagrees with me on that, then we lose, absolutely, without question. And help me with the two different terms. I see where it says initial charge. Right. And then it says on a complaint of discrimination based on race, color, sex, or national origin, brought pursuant to subsection A of this section. So there is a difference in the statute's mind, or at least arguably, that there is a difference between a complaint of discrimination, which refers to the personnel action at issue, the termination, the suspension, the failure to promote, and the charge, which is the statement made by an employee that they were the subject of discrimination. But it uses the term initial charge. And when it uses initial charge, doesn't that imply that there could be some subsequent amendments? It didn't say a word about amendments, though. That's right. Well, it doesn't say anything about the amendments. I'm going to judge Monson's question, and it is intriguing. I mean, we like to deal with something that's ambiguous, but, you know, when they write it this way, we've got to read it like it's written. And it says initial charge. Right. And that's why I differentiated between charges and complaints. Sure you did. But that's not – initial is not with complaint. It's with charge. And that's right, Your Honor. And I think that is the argument I'm trying to make, albeit ostensibly very unsuccessfully. I see what you're – I think I understand your differentiation of it. But how would that help you in terms of the start of the time period? It shortens it at best because charge comes at least before but never after a complaint. Well, I think that's – I think therein lies the rub, Judge Gregory. The notion under our interpretation of the term charge, there can be many charges within an elongated process. But that's why they say initial charge. Initial charge. You're right. But they made that distinction by giving it a temporal definition. Initial charge. And a charge can never be after a complaint. It's normally before, but at worst, it's at the same time. Because I'm charging for the first time in my complaint, but I can charge before I have a complaint. So how does that help you? Either way. I think it helps you if you distinguish between the terms, again, complaint and charge. Okay. There are a number of different times during an administrative investigation or an administrative process in which an employee makes a charge of discrimination. They say it in their initial complaint. They say it during a fact-finding conference done by an investigator. They say it in an affidavit that may be submitted as a part of that investigation. And I think that is, in essence, what our position is on the ambiguity. Connect the logic with the fact that your premise is you can make charges at various times. Why does that prevent us from being able to have a time start for the 180 days? I'm sorry, Judge. What does that prevent us from having a start? Because you said every charge after that sets a new. What's the point? No, and that, I think, is exactly my point in that if you're talking about, let me back up a little bit, that if you have a, what Congress wanted to do was to preclude the situation in which the 180-day period continued to re-up after every time an employee made a new charge of discrimination. That's different than an initial complaint of discrimination and then an amended complaint, which is the situation we have here. Well, that maybe, maybe not. But not in your regulations, or I take it back, not your regulation, the regulation. Because they say the agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint, unless the parties agree to the contrary. So they're not talking about charge at all. They've linked the 180 days to the complaint. Except in those instances in which the complaint is amended. In those instances, the agency is provided up to 360 days to investigate the complaint. Should complete its investigation, yes, except that the complainant may request a hearing with an administrative judge on the consolidated cases any time after 180 days from the date of the first filed complaint. And he's already told within 180 days he can go to court. Therein lies the difference, Judge Motz. There's a difference between going to the EEOC and appearing before an administrative judge and going to federal district court. And if you, if you, if you. Well, then you go to another regulation. A complainant who has filed an individual complaint, blah, blah, blah, blah, is authorized under Title VII to file a civil action in an appropriate United States district court after 180 days from the date of filing an individual or class complaint, if an appeal has not been filed and final action has not been taken. And that, therein lies the same, the same interpretive dichotomy I've been discussing. Once again, albeit terribly unsuccessfully. No, I don't know about that. Go ahead. Well, no, I, I, that even my colleague agrees that that provision says nothing about the circumstances in which that, that would attend when an employee amends the complaint. Yeah, but you go back to the original, the, the statute itself. As Judge Gregory has pointed out to you, talks about the initial charge, which, which seemed to suggest that there can be amendment. There, there certainly can be amendment of a complaint. We, we're not disputing that. And I think it also bears mentioning in this, in this context that in no point during this argument or in any of our papers have we suggested that our attempt here was to prevent Mr. Stewart from having his day in court. In no way, shape, or form. Our sole point here was to require him to come back to court six months later to allow the agency to investigate the 40-some-odd allegations of discrimination that he articulated to the agency within that first 180 days. Could he, after the 180 days, get the amendment at that point? He didn't file it in district court. Can he amend at that time? Amend in federal district court or amend in? Like or related to the claim. Can he make a like or related amendment? I don't think he can amend his complaint to, unless it was for retaliation. This is where it gets extremely messy, Judge Winn, because this court's jurisprudence provides that in cases of retaliation, the exhaustion procedures and principles are a little bit different. But let's take simply a garden variety discrimination claim. If that were the case, then an employee. But the answer is, once that charge goes through the 180 days, you're saying at that point he cannot amend with a like or related claim. He cannot amend. He cannot do it. Excuse me, I'm sorry. He cannot do it at that point. He cannot do it. The 180 days is gone, so there's no going back. There's no starting a new 180 days. That's gone. No, that's correct, Your Honor. So the next day he can't do it. But he can't do it when he files the charges in district court or the next agency. Excuse me. Say it again. I'm sorry. He can't do it when he files the charge after the 180 days. He cannot file if he has amended his complaint of discrimination before the agency. He has to wait 360 days before he can come to federal district court. I got that. What if he amends it when he's not before the agency? He amends his district court complaint. Yes. That would be governed by this Court's decision in CHATCO against Patuxent Institution, which provides for this like or related concept. But I don't think he can do it. He can if he meets that somewhat more burdensome standard, that so long as it relates to the same actors, the same circumstances, the same overall context. So long as it's like or related. No, you're saying it's stricter than that. That's what you're saying. I don't know exactly why, but that is what you're saying, right? I'm not saying – I think there is a part of this that is circular, yes. No, no, no. I didn't say circular. I said stricter. It's stricter than the other standard. That is correct, Your Honor. Yes. But you haven't told us why or what it requires, but it's stricter. Let me ask you this. After the 180 days, then the claimant can make a filing. But there is a decision that ultimately comes from the agency. Is that right? There is if he does not go to federal district court, yes. But if he goes, then there's no decision that comes. That is correct. Well, there surely must be times when there's an agency decision and then he goes to federal district court. Of course, Your Honor. I was explaining the circumstance in which there – when the individual goes to federal district court before there is a decision. I take it if you don't issue a decision, he can just wait for you because it's 90 days from the date of the decision, right, that he can go. So if you don't issue a decision, he can just wait. That is exactly correct. So what's his status right now? Well, the status right now is that after he went to federal district court, the agency dismissed his underlying administrative complaint. Now, if the plaintiff at that point had gone back to federal district court after the 360-day period had run and filed a new federal lawsuit, it would be extremely difficult for us to take the position we're taking now and then to say, oh, yes, by the way, because the agency dismissed your complaint, you're out of luck. And we would not make that argument. Well, I don't know. You may go on to bigger, even bigger and better things, and your colleague arguing next time will say there's no provision in the law for this. We're following the law. I mean, I just think this is a very – it's supposed to be helping employees, these internal procedures. Well, and with due respect, Your Honor, I don't know that we were not helping him. And I'm not suggesting that this was the friendliest decision or argument that we could have made. It's totally understandable that you would get annoyed at somebody who keeps making and remaking again and again. Totally understandable. But on the other hand, you're supposed to be giving people an ability to do this. Yeah, and, Your Honor, nothing in our argument before the district court suggested otherwise, that our position was not that he was inexorably late or that he was incurably late or that he could never have his day in court. Our argument was simply that he was premature. Well, if we affirm this dismissal now, his claim is untimely because it hasn't been – because there's no final order issued within 90 days. Your Honor, I think that the – I think that the plaintiff would have a very decent argument. He was pro se. Maybe Hunt and Williams – they don't call themselves Hunt and Williams anymore. Anyway, maybe they are going to stay with him forever, but maybe he's going to be back by himself. An endless loop telling them that you said that the agency is not going to make this argument. Well, I'm not sure that I can opine on an argument that has not yet been made. Right, so you're backing off from that. No, Your Honor, I'm not. I'm trying to be as zealous and fair an advocate as I can. Sure. And I can say with an honest heart that nothing in the argument we put before the district court was intended to prevent the plaintiff from having his day. I think we all expected that after the 360-day period there would be a new lawsuit filed, and we would go off from there and litigate this like any other of the dozens of Title VII claims that my office handles on a yearly basis, let's say, given where we are located. What about every time? See, I think when he filed those amendments, a letter was sent to him, and the letter essentially said, oh, you know, we got your amendment, and you can file 180 days to pass from the date you filed your original complaint. Is that a letter you sent? That is a letter that the agency's EEO office did send. That is correct. It didn't mean that, though, did it? Well, I think that office in the agency did, and this is the typical push and pull. But if it meant that, then he wins. He does if that were sufficient to provide him with equitable tolling. And our argument was in the circumstance in which he is still alive, he is still allowed to file his claim in district court, he only needs to wait a little longer, then there's no basis for equitable tolling because he has not been precluded from doing so. If this were, Judge Winn, the entire inverse of the situation, if it were to say the agency told him here is our decision, you have 360 days within which to file your complaint in federal district court, when the rule is really 90, and he files in 360 days, I wouldn't be here. I suppose if we rule in his favor and it says 180 days, that makes a pretty clean cut from now on. It certainly does. We won't have to worry about this again. And I'll be thankful. And I will be thankful. All right. I thank the Court for its time. Thank you. Thank you so much. Mr. Ellicott, you have a few minutes. Thank you, Your Honor. I'd like to make two points on rebuttal. The first about the statute and the second about the regulations. The first point on this question about complaint versus charge, I understand the PTO's argument about the ambiguity to essentially ask the Court to disregard the statute. I didn't hear them forward a definition of charge that shows that we lose under the statute. I didn't mean that. I kept trying to get that from him. And I think that to the extent that we need to grapple with complaint and charge, if you look at the context of the statute, it's not just a complaint by itself, right? It talks about the agency's action on a complaint, right? The agency has taken a final action on a complaint. The employee is aggrieved by the failure to take a final action on a complaint, whereas there is the filing of an initial charge. And I think that that suggests that a complaint is the thing that's happening at the end of the process or it is the sort of the full freight. This is the whole review is about the complaint. It is the consolidated, you know, body of allegations of discrimination, whereas the waiting period that starts the 180 days is the initial charge. And if you only have one charge, that one charge could be the complaint at the end of the process. But here we have one charge that started it and then subsequent amendments, all of which become a part of the complaint that there's a final action to take on. So I'll tell you what maybe is animating your colleague on the other side and certainly is something that we're used to, which is requiring people to exhaust their administrative remedies. And that's sort of the principle hanging up there in the cloud, as we said in an earlier case, that this statute and regulation seem to be at odds with. Do you have anything to say to me about that? I would say, Your Honor, that the way that Congress put together the statute was to create an unavailable 180-day period during which exhaustion can be the only thing that is happening, right, subject to exceptions that don't apply here, injunctions, those kinds of things. There's a 180-day waiting period where the only thing that can happen is exhaustion. And if you file before that, then you haven't exhausted. But once you have waited 180 days and you've cooperated with that investigation, your right to sue has been perfected. That's a word the D.C. Circuit used in a case, that your right to sue has been perfected. So if we go back to Judge Wynn's example, you could be keeping all your best arguments to the 179th day, right? Sure. But your response to that is, well, you could do that anyway. They are related to this initial argument. Yes, that's right. You could do it in federal court. Yes, I think that's right. Okay. Under stricter conditions. I'm sorry? Under stricter conditions. I don't know. I heard that. I don't know that I've seen a case discuss the distinction between the like-related rule in amending an administrative complaint and a like-related under the pleading standard for employment discrimination cases. I also don't think that's an issue the court has to deal with here, because the statute is quite clear about that 180-day waiting period starting with the initial charge. Now, I think at the end of the day, we talked a little bit, or I heard some questions about the EEOC's letter to Mr. Stewart, and saying you can file your lawsuit 180 days after your original complaint. I would suggest the reason that the PTO has put that in its letters, and it's language that the PTO refers to as boilerplate language, is because it's what the EEOC says in Management Directive 110 is the rule, and that's at JA 273 that we have an excerpt from Management Directive 110 that says that the employee can file a civil action 180 days after the original complaint, and the language from that is even if the agency's investigation has not been completed. The reason the PTO told Mr. Stewart that is because it's what the EEOC said, and the reason the EEOC said that in the Management Directive is because that's what the regulations require, and the reason that's what the regulations allow is because it's what Congress said in the statute. Is there no other questions? Ms. Bellicker, we note that you are court-assigned. Thank you very much on behalf of the Fourth Circuit. I appreciate that. I just like to do our job when the parties are effectively represented. Mr. Bajon, as well, thank you for ably representing your client. We are going to ask the clerk to adjourn the court for the day and then come down and greet counsel. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Roger L. Gregory, Diana Gribbon Motz, James A. Wynn Jr.